Next argued case is number 20, 1705, Fields against the United States. Mr. Jarrett. Good morning and may it please the court. I'd like to start with the emotional distress issue. Obviously, in breach of contract cases, emotional distress, the general rule is that emotional distress is not available. However, the restatement second of contracts at section 353 states that recovery for emotional disturbance will be excluded unless the breach also caused bodily harm or the contract of the breach is of such a kind that serious emotional disturbance was a particularly likely result. In the comments to the restatement, there's a dichotomy in cases. On the one hand, there are types of cases where an individual to a party to a contract is particularly vulnerable to emotional distress. A breach of contract happens, they experience emotional distress, and in those circumstances, emotional distress is not recoverable through a breach of contract theory. The other types of cases are cases in which regardless of the individual's proclivities, the circumstance is such that it would involve emotional distress, such as contracts regarding funerals, contracts involving innkeepers and guests, I assume back from days in which travel was much rarer and harder. This case is a circumstance in which a serious emotional disturbance was a particularly likely result, and it's different from the run of the mill settlement agreement, even in an EEO case. There's three reasons for that. One is unlike just a normal EEO case, this claim resolved a claim for emotional distress damages that resulted from the agency having provided negative information or allegations that the agency had provided negative information to prospective employers. In that circumstance, the agency was aware that the complainant, Ms. Fields, had experienced emotional distress due to the agency failing to provide, or excuse me, by providing negative information to prospective employers. Mr. Jarrett, was there any evidence of the monetary amount of emotional distress? There is. May I ask, do you mean at the stage where she first resolved her case or in the court of federal claims? Anywhere along the way, just to understand what it is that you're asking for. There's not a particular figure. The emotional distress, the maximum that's allowed under the EEO laws is $300,000. I don't think that there was a particular figure that had been set forth and would have been determined by the judge at trial. What about in this case? Did you submit in opposition to summary judgment a quantification of the emotional distress damages? No, we did not quantify the total. Is that a problem, or are you distinguishing essentially the amount of damages question from the existence of cognizable damage question? Because there's certainly-I guess my impression is that sometimes those things are distinguished and sometimes those are not. But in the absence of a presentation of a quantification, did the court of federal claims rely on that absence as a separate and independent ground for rejecting the emotional distress damages claim here? I do not believe so. I think that the court of federal claims held that you can't-in these circumstances, you just can't get emotional distress for a breach of contract. And so I think that this case-the other distinguishing factors are that in resolving the case with the agency at the mediation, Ms. Fields has declared that she suffered an emotional breakdown that was obvious to the agency. She claimed that she had suffered PTSD in her case and then at the mediation. This is not a case in which there is-it's not very similar to a commercial contract in that almost all the relief that Ms. Fields bargained for was to clear her record and to ensure that she would be able to find future employment and that they would investigate what had happened when she believed an individual had provided negative information to a prospective employer. And so in that respect, almost all-this contract is all about ensuring that Ms. Fields would be able to secure future employment. And the agency, in giving up her claims, she gave up significant emotional distress damages-the possibility of significant emotional distress damages for this consideration. She experienced emotional distress at the mediation and- But aren't they-I just wonder, aren't the two different time periods of emotional distress significantly different? Before the settlement, it was emotional distress from what she alleged was discriminatory treatment. After the settlement agreement, the only possible emotional distress is emotional distress from failure-I guess learning of a failure to comply with the clean up your records commitment that the agency made in the agreement. Those are two pretty different things, aren't they? Well, I think that they're similar in that the settlement agreement at the time of the settlement included emotional distress for the government's failure to-or for the government's provision of negative information about her to prospective employers. And so I think that after the fact that they haven't taken these steps, they haven't investigated that, they haven't cleaned her record, and now she can't find prospective employment, I think that that is the same. Does the record tell us whether once it was-it became clear that the agency had not complied with its obligation to clean up the personnel record, whether the agency then in fact did so? The agency's-the record says that as of 2019, June 2019, the agency stipulated that it had not cleaned the record. So that's after the complainant had brought this case and, you know, that was near the conclusion of the initial discovery period. It was extended to allow discovery on damages. And so the government still had not done so after being aware of her claims for a long period of time and her concerns. But you're not saying that they're still in violation, are you, that the record was never cleaned? I don't know the answer to that question. I know-all I know is what-that as of June 2019, that it had not been. And then-so in conclusion on the emotional distress issue, I do think that this is the type of case. I understand that settlement agreements should not-a breach of a settlement agreement should not permit emotional distress damages in all cases. I think this is the case where the settlement is all about cleaning up the record, where there's records of-that part of the allegations are that they provided negative information and that caused emotional distress. And the fact that she experienced emotional distress in front of the agency at the mediation makes this the case where emotional distress is a particularly likely result as opposed to the normal EEO settlement. And then this-with respect to the identifiable opportunities and lost wages, whether there's sufficient evidence of her losing identifiable opportunities, I think we just point to the Red Grave case and state that she did identify some specific places that she spoke with. However, because the record was not cleaned, she was concerned that she would be unable to-that they would find out and she'd never be able to get a job there again. And unless there's further questions, I would relinquish the rest of my time. Any more questions for Mr. Jarrett? Can I just ask one question? Yes. So do I understand correctly that your client got a copy of the personnel file in, what, April of 2016? And that's the point at which she learned that the corrective action-that the agency had not taken the corrective action. Is that right? Yes, that's right. And then did any of the potential employment opportunities that she has pointed to here post-date the April 2016 acquisition of knowledge of the agency's noncompliance with the cleanup obligation? Excuse me one second. As far as the-so what I know is that she reviewed job boards and then felt unable to comply throughout the process-excuse me, to apply throughout the process. But the human resource-the items we identified at the VA in Minneapolis occurred prior to her learning of the breach. Do I remember correctly that there's a statutory or regulatory obligation to point out within 30 days of learning of noncompliance that there's a problem and requesting correction? I believe it's 35 days. Okay. And so it's-but the difference here is that there's a-I see a lot of times it's hard to hear. No, please respond. Okay. In this case, the-entered a separate contract that said that she-the contract provides that in this circumstance she-in the event of a breach that was not caused by the agency, then she would-she was supposed to follow that process. And so we brought the contract-we brought a breach of contract claim here. We also-we had previously gone-tried to follow that process, but the agency-the OFO, which hears those appeals, denied it. Okay. Any more questions for Mr. Jarrett at the moment? Okay, then we'll hear from Ms. Akers, and we'll save you rebuttal time, Mr. Jarrett. Thank you, Your Honor. May it please the Court? The Court should affirm the trial court's grant of summary judgment to the United States. First, as it relates to Ms. Fields' lost profits claim, Ms. Fields has not demonstrated that the agency caused her to incur damages for a breach of contract. There is no causal nexus between the breach of contract and her failure to obtain a job. She argues, at most, that she could not apply for jobs or that she felt, in her own subjective opinion, unable to apply for jobs. But that is, first, contradicted by the record. She did, in fact, apply for many jobs, and that was her primary argument at summary judgment before the trial court. And, second, even if she could not apply- Well, on that point, wasn't there evidence of a job offer that had been made and then withdrawn? Correct, Your Honor. And that was with regard to the government contractor proxy personnel. But if Your Honor would note, that has no relation to the agency's breach of contract because that occurred before the EEO complaint was filed, and thus before the settlement agreement was entered into. And Ms. Fields acknowledges that on page 6 of her opening brief. That entire circumstance preceded the settlement agreement. So that circumstance certainly is not related to the agency's breach or any causal link between her failure to obtain employment. And even if- Were there some- Can you just- Your understanding of the facts here is going to be necessary to clarify this. Were there any instances that she has pointed to in which, after learning in April of 2016 of the agency's breach, she felt compelled to tell prospective employers or in some way self-restrained? Because now, three years after the settlement agreement, she learned that it had been breached. To clarify, Your Honor, you're asking whether there were any instances in which Ms. Fields told potential employers about the situation with the agency? Yeah. Yes. So if- Yes, that did happen one time. In our motion for summary judgment- Do you remember when? I don't remember when, Your Honor, although it is in the appendix and I can look it up perhaps during Mr. Jarrett's rebuttal time. I know that it was on page 170 of the motion for summary judgment appendix. And so I'll find that for you. But was it before or after the April 2016 acquisition of knowledge of the government's breach? I'm not sure, Your Honor. Okay. But the only time any prospective employer knew of her situation with the agency was because Ms. Fields had voluntarily disclosed it. So Ms. Fields' argument on appeal here is that she was afraid that the agency would disclose particular information to potential employers. But there's no evidence whatsoever that the agency did that. There's really no reason that the agency would have done that. The only evidence is that- What does the record show about the state of her knowledge of the agency breach? When did she become aware that the agency didn't fulfill its obligation under the settlement agreement? Your Honor, the record- I don't believe there's actually anything particular in the record, although there was a reference to an April 2016 inquiry that she made to the agency requesting her file. And when she requested her file in 2013, we believe that may have been when she discovered that the- 2016. Excuse me. Yes, thank you, Your Honor. 2016. That's the only date that Ms. Fields has put forth. We have no reason to doubt that date. Ms. Fields made and informed her of that investigation. So because Ms. Fields was not informed of that investigation, presumably she would have known that she wasn't informed far before she requested her official record from the agency. Well, now she says that investigation wasn't conducted. Are you saying that it was? Your Honor, it's unclear to what extent the investigation was complete, because the agency personnel who was responsible for that investigation retired, and we were unable to really assess the extent to which the investigation was either finished or not. Is there a record that it was begun? There's no record, Your Honor. I know from my personal knowledge of handling this case below and speaking with agency personnel that it was begun, but again, we couldn't find any documents to support that. And that's exactly why we stipulated that the agency breached the settlement agreement. We're not disputing that. This case is just about whether that breach actually caused Ms. Fields to suffer damages. And for this court, what's important is that Ms. Fields doesn't establish a nexus between the agency's breach of the settlement agreement and any damages that she actually suffered. I remember the Court of Federal Claims' opinion as resting its rejection of the claim for lost job opportunities on that failure of proof of causation. Did the Court of Federal Claims also invoke failure of causation as to the emotional distress damages? Your Honor, the Court of Federal Claims' analysis as it relates to emotional distress was limited to the restatement and this court in Bohack's opinion that limits or precludes damages for emotional distress. And so because the court found at the forefront that those damages were not awardable in this case, the court didn't go on to address whether Ms. Fields had proven those damages with reasonable certainty as she'd be required to do. And it's important to note on the emotional distress claim, Your Honor, this was never a claim that was raised before the trial court in the complaint. The first time that the emotional distress allegation arose was in opposition to our motion for summary judgment. It was an attempt to establish material disputed facts. We didn't even conduct any discovery. There's no evidence on the record at all regarding emotional distress damages. And in fact, I would point, Your Honors, to Appendix 381 and 382, which is Mrs. Fields' interrogatory responses. And we had asked her whether she was seeking damages for emotional distress based on the breach of contract because in her initial disclosure, she had included a reference to emotional distress. And we were somewhat confused by that given the complaint. And in response to our interrogatory, Ms. Fields stated she's not claiming expenses and costs for emotional distress related to the breach of contract. So her argument... Is expenses and costs? Is that what you mean by you're saying that that would be the extent of damages or what? Correct, Your Honor. That's the only damages that we are aware that would be permissible if she were to fit within one of the limited exceptions that damages are generally not recoverable in a breach of contract case for emotional distress. And so not only has she, Ms. Fields, never alleged this in her complaint, this wasn't part of the lawsuit below. On appeal, Ms. Fields argued here today that there's no evidence of damages in the record. So certainly she has not met her burden to overcome summary judgment. Not only has she not established the causation element, but she broadly asserts that she's entitled to half a million dollars for emotional distress damages. We have no medical bills. In your summary judgment motion or I guess in your reply to her opposition, did you make an argument about failure of proof of emotional distress damages or was your only argument that they're simply not cognizable? Your Honor, in our reply motion for summary judgment, we did make that argument that there was not proof or she did not meet her burden to establish damages with reasonable certainty. The trial court didn't latch on to that or adopt it. Like I said, the trial court limited its analysis to whether the damages were recoverable at all. So it never got to the merits. But we certainly made that argument and it's certainly before this court, as Ms. Fields has acknowledged here today, that she did not in fact put forth any evidence of damages. And this court's precedent is very clear that in breach of contract cases, the plaintiff or the person seeking the damages bears the burden to prove with reasonable certainty the damages and speculation damages or damages that are speculative are not awardable. And that's all we have here. Can you say a word about, I guess, the legal question, why this isn't the sort of contract for which emotional distress damages of any sort, whether it's limited to expenses and costs that flow from emotional distress or otherwise, why none of that should be cognizable in this kind of contract case? Sure, Your Honor. So the exception that permits damages for emotional distress, as we've talked about today, is recognized under the restatement. And this court adopted that view in BOHAC. And the comments to the restatement explain the very limited instances in which a type of contract is such that it is particularly likely to cause serious emotional disturbance. And there are two types. One involving the innkeepers and passengers and guests. And the other involving, or excuse me, there are three types. The second involving the disposal of dead bodies. And the third involving the relay of information regarding death. This case involves none of those facts. There's no other exception identified in the restatement or in any case in any circuit that I've ever found that would reach a sort of run-of-the-mill breach of contract case, even if the plaintiff had suffered emotional distress at the outset. I found no cases, plaintiff has really put forth no cases that demonstrate damages would be awardable here. And also important to that analysis, Your Honor, in BOHAC, this court explains that in cases not involving death, such as for mental suffering, to fall within the exception to the restatement, Ms. Fields would have had to show there was wanton and willful misconduct on behalf of the breaching party. And so because this case doesn't involve death, even if there was an exception that she could fall within, she would have to show that the breach was based on that wanton and willful misconduct. And Ms. Fields doesn't even allege that. There's no evidence in the record. As the trial court found, government officials are presumed to act in good faith, absent, you know, meeting a burden otherwise. And Ms. Fields hasn't even alleged as much. So really, there's just no bucket of exception to which Ms. Fields' claim falls in. There's no similar case or authority that would provide her for damages for emotional distress. And again, even if she were able to recover damages for emotional distress, she still hasn't proven the causation element, and she still hasn't proven her damages with reasonable certainty, which would preclude her from overcoming summary judgment. And so, Your Honor, we ask that the court affirm the trial court's decision to grant summary judgment to the United States. Thank you. Okay, any more questions for Ms. Akers? Okay, then, Mr. Jarrett, you have rebuttal. Thank you. I just wanted to respond to the point that in discovery or in the record that Ms. Fields disclaimed emotional distress. At the appendix 429 through 431, there was an interrogatory that asked to describe the facts, events, and circumstances supporting the emotional distress described in Plaintiff's initial disclosures. She went through her diagnoses, provided information about her medical providers, and explained how the agency's conduct affected some of which were preexisting conditions. What counsel, I believe, is referring to is interrogatory 9, where they asked to describe all expenses and costs Ms. Fields incurred as a result of her emotional distress. And because Ms. Fields is a veteran, it was my understanding that she was able to receive free care at the VA, so those costs and expenses didn't exist. However, there's several pages' worth of explanation of the emotional distress. There was, I think, a legal assertion that was made that in the area where emotional distress damages are permitted in contract cases, they are limited to expenses and costs. What's your understanding of that? I did not see that argument. Again, I think that obviously there's not a lot of authority out in the world on this issue. It's limited, and I think that just sort of following the restatement that, again, if you go back to the dichotomy of the types of contracts, that this is the sort of circumstance where emotional distress is permitted. And just by its nature, it's sort of not. No, the immediate harm is obviously not out of pocket, but I would think there can be out-of-pocket follow-on expenses. I need mental health treatment and have to pay for it or something like that. In the cases like the innkeeper cases or the death-related cases or something like that, what is your understanding of what kinds of damages are authorized to be awarded? In the Dobbins case that we cited that was overturned on a different ground, defining not a breach, there was a lengthy discussion by the Court of Federal Claims on sort of how do you quantify emotional distress and whether the verdict which had awarded it. And there, it can't be specified. Emotional distress wasn't just out-of-pocket expenses. It was sort of a measure of emotional harm, and the court went through sort of the difficulties, but the jury had discretion, I guess, to find, to set a number, and it's hard to establish it. So I think that under that case, that obviously isn't binding on you, but I think that it sort of indicates that emotional distress is not just out-of-pocket expenses are available. If there aren't any further questions, we just ask that the court reverse and remand. Any more questions for Mr. Jarrett? Okay, then the case is taken under submission. That concludes this panel's argued cases for this morning. The Honorable Court is adjourned until this afternoon at 2 p.m.